IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RICHARD OTTO HANSEN, | ) | |
| | ) | |
| Plaintiff, | ) | 4:06cv3211 |
| | ) | |
| vs. | ) | PRISONER PAYMENT ORDER |
| | ) | and |
| JOHN DOE, | ) | ORDER ON INITIAL REVIEW |
| | ) | |
| Defendant. | ) | |

The plaintiff, Richard Otto Hansen, a federal prisoner, has filed a civil complaint and a motion to proceed in forma pauperis ("IFP") (filing no. 3). The court has received a certified copy of the plaintiff's trust account information (filing no. 4). The plaintiff is permitted to proceed IFP.

**Prisoner Payment Order**

Pursuant to the Prison Litigation Reform Act ("PLRA"), a prisoner is required to pay the full amount of the court's $350 filing fee by making monthly payments to the court, even if the prisoner is proceeding IFP.[1]  28 U.S.C. § 1915(b). "[T]he PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997); Jackson v. N.P. Dodge Realty Co.,173 F. Supp.2d 951 (D. Neb. 2001).

First, the plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of the plaintiff's average monthly account balance or average monthly deposits for the six months preceding the filing of the complaint. I find that the plaintiff's initial partial filing fee is **$1.01**. Payment of the initial partial filing fee must be received by **January 31, 2007**, in the absence of which this matter may be subject to dismissal. The plaintiff may request an extension of time.

In addition to the initial partial filing fee, the plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the Court. 28 U.S.C. § 1915(b).  Therefore, after payment of the initial partial

---

[1] THE "THREE STRIKES" RULE**:** If this action is later dismissed as frivolous, malicious, or for failure to state a claim, then the dismissal can count against the prisoner for purposes of the "three-strikes" rule in 28 U.S.C. § 1915(g).  The three-strikes rule means that if a prisoner's complaints are dismissed on 3 occasions as frivolous, malicious, or for failure to state a claim, the prisoner may not proceed in forma pauperis thereafter in future complaints and appeals, unless, pursuant to the only exception to this rule, the prisoner is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

filing fee, the remaining installments shall be collected pursuant to 28 U.S.C. § 1915(b)(2):

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

The Clerk of Court shall send a copy of this Order to the appropriate financial official for the plaintiff's institution. The plaintiff will remain responsible for the entire filing fee, as long as he is a prisoner, even if the case is dismissed at some later time.

### Motions

Also before the court are filing no. 5, the plaintiff's Motion for Appointment of Counsel, and filing no. 7, the plaintiff's Motion for Leave to Serve Process by United States Marshal. Filing no. 5 is denied at this time but may be reconsidered later as the case develops.

Unlike criminal prosecutions, the court cannot routinely appoint counsel in civil cases. In this litigation, as in Phillips v. Jasper County Jail, 437 F.3d 791, 793 (8th Cir. 2006), the record has not been sufficiently developed to determine whether appointment of counsel is justified. "There is no constitutional or statutory right to appointed counsel in civil cases .... Rather, when an indigent prisoner has pleaded a nonfrivolous cause of action, a court 'may' appoint counsel. Id. at 794 (emphasis in original, citations omitted). In Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained: "The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim." (Citations omitted.) At this time, I find that appointment of an attorney would be premature. The plaintiff should be capable of presenting his claims and at least beginning discovery. In addition, he has made no record of attempts to obtain counsel, e.g., on a contingent fee basis.

On the other hand, filing no. 7, the plaintiff's Motion for Leave to Serve Process by United States Marshal, is granted. Because the plaintiff is proceeding IFP, the Marshal will undertake service of process on the plaintiff's behalf.

### Initial Review

The plaintiff has sued an unknown member of the Nebraska State Patrol who served a citation on the plaintiff for the plaintiff's failure to register as a sex offender. The plaintiff believes that his conviction for the state offense of pandering does not require him to register as a sex offender, and he seeks to enjoin the State of Nebraska acting through its agency, the State Patrol, from attempting to require him to register.

The plaintiff also seeks damages.  Of course, damages cannot be recovered from the State or its agencies because of the sovereign immunity recognized and preserved by the Eleventh Amendment to the U.S. Constitution.  See, e.g., Edelman v. Jordan, 415 U.S. 651, 663 (1974) ("a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment.").  If the plaintiff discovers the name of the "John Doe" defendant he has sued, and if he files a timely amended complaint, he may be able to allege a claim for damages against that officer in his *individual* capacity.  At this time, however, the only defendant, is the "John Doe" member of the Nebraska State Patrol in his *official* capacity.

A suit against a public employee in his or her official capacity is actually a suit against the public employer.  Kentucky v. Graham, 473 U.S. 159, 165 (1985).  Therefore, a claim against a State employee, in his or her official capacity, is in reality a claim against the State itself, as the entity that employs the officer.  See also Eagle v. Morgan, 88 F.3d 620, 629 n. 5 (8th Cir. 1996), quoting Kentucky v. Graham: "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."

Consequently, the plaintiff has presently sued the State of Nebraska for injunctive relief.

THEREFORE, IT IS ORDERED:

1.    That filing no. 3, the plaintiff's motion to proceed IFP, is granted, and the plaintiff's initial partial filing fee of **$1.01** shall be collected by the plaintiff's institution and remitted to the court on or before **January 31, 2007**; thereafter, the plaintiff's institution shall collect the additional monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2);

2.    That filing no. 5, the plaintiff's Motion for Appointment of Counsel, is denied, and filing no. 7, the plaintiff's Motion for Leave to Serve Process by United States Marshal, is granted;

3.    That the Clerk of Court shall send a copy of this order to the appropriate official at the plaintiff's institution;

4.    That the Clerk of Court shall provide the plaintiff with a copy of this order  and ONE summons form together with ONE Form USM-285 for service of process on the State of Nebraska;

5.    That when completing the forms for service of process, the plaintiff must comply with Neb. Rev. Stat. § 25-510.02(1), which states in pertinent part: "The State of Nebraska, any state agency ... and any employee of the state ... sued in an official capacity may be served by leaving the summons at the office of the Attorney General ... or by certified mail service addressed to the office of the Attorney General;"  the address of the Nebraska Attorney General's office is 2115 State Capitol, Lincoln, Nebraska 68509;

6.    That the plaintiff shall, as soon as possible, send the completed summons and 285 forms back to the Clerk of Court, as in the absence of the completed forms, service of process cannot

occur; upon receipt of the completed forms, the Clerk will sign the summons, to be forwarded, together with a copy of the complaint (which the court will copy for the plaintiff), to the U.S. Marshal for service of process; the Marshal shall serve the summons and complaint without payment of costs or fees; service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal;

      7.      That Fed. R. Civ. P. 4 requires service of the complaint on a defendant within 120 days of filing the complaint, and failure to do so can result in dismissal;

      8.      That a defendant has twenty (20) days after receipt of a summons to answer or otherwise respond to a complaint;

      9.      That after a defendant enters an appearance, the plaintiff must serve on the defendant or, if an appearance has been entered by counsel, upon such counsel, a copy of every future communication to the court; parties usually serve copies of documents on other parties by first class mail; **if the plaintiff does not include a Certificate of Service indicating that a copy of a communication to the court has been sent to the other parties to the case, the court will issue a Notice of Deficiency and might strike the plaintiff's communication from the record;**

      10.      That the parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court;

      11.      That the plaintiff shall keep the court informed of his current address at all times while this case is pending; failure to do so may result in dismissal; and

      12.      **IMPORTANT NOTE: Any pleading, letter or motion filed by the plaintiff with the court must bear the plaintiff's original signature.**

      December 14, 2006.      BY THE COURT:

                                        s/ *Richard G. Kopf*
                                        United States District Judge