THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RICHARD OTTO HANSEN, | ) | 4:06CV3211 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| JOHN DOE, individually, and in his official capacity as an Officer of the Nebraska State Patrol, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Richard Hansen, a federal prisoner, filed this 42 U.S.C. § 1983 action against an officer of the Nebraska State Patrol on September 11, 2006 (filing 1). On January 18, 2007, summons was returned executed upon the State of Nebraska Attorney General for defendant John Doe. (Filing 13.) After being granted leave to extend the time to answer Plaintiff's complaint, Defendant filed a motion to dismiss (filing 16) the complaint pursuant to Fed. R. Civ. P. 12(b)(6) on March 1, 2007. Plaintiff then filed two motions to extend the time in which to respond to the motion to dismiss (filings 18 & 20), the first of which was granted (filing 19), and the second of which is still pending. Meanwhile, Plaintiff filed an amended complaint (filing 21) on May 4, 2007, that adds one claim and corrects language found throughout the original complaint. Defendant then moved (filing 25) to strike the amended complaint on the ground that Plaintiff "never sought nor received leave of the court to amend the complaint as required by Fed. R. Civ. P. 15(a)." (Filing 25 ¶ 7.)

Federal Rule of Civil Procedure 15(a) provides in relevant part: "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . ." Federal Rule of Civil Procedure 7(a) identifies "pleadings" as complaints, answers, and replies to counterclaims. Thus, the language of Rule 7(a) indicates that a motion is not a "responsive pleading" within the meaning of Fed. R.

Civ. P. 15(a).  6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1483, at 584 (2d ed. 1990).

> Indeed, a motion involving any of the Rule 12(b) defenses normally must be made before serving a responsive pleading, whenever such a pleading is permitted.  Consequently, courts have held that the filing of a motion to dismiss will not prevent a party from subsequently amending without leave of court.

Id. at 585 (footnotes omitted).  See also id. at 582 ("It is axiomatic that the complaint may be amended as of course at any time before the answer is served.").

Because a responsive pleading has not yet been filed to Plaintiff's original complaint, Plaintiff's amended complaint (filing 21) should be filed as a matter of course, and leave of court or consent of the defendant is not required.  This amended complaint moots the defendant's motion to dismiss the original complaint.  Pure Country, Inc. v. Sigma Chi Fraternity, 312 F.3d 952, 956 (8th Cir. 2002) (motion to amend complaint rendered moot defendant's motion to dismiss original complaint); Edwards v. Dwyer, 2007 WL 572105, at *1 (E.D. Mo. Feb. 20, 2007) (state prisoner's amended complaint should be filed as matter of course when only motions to dismiss to original complaint had been filed because such motions are not responsive pleadings within meaning of Fed. R. Civ. P. 15(a), allowing inmate to file amended complaint as matter of course without permission from court or defendants; in light of amended complaint, court would commit error if it addressed motions to dismiss directed at original complaint).

Accordingly,

IT IS ORDERED:

1. Defendant's motion to strike (filing 25) Plaintiff's amended complaint (filing 21) is denied;

2. Defendant's motion to dismiss Plaintiff's original complaint (filing 16) is denied as moot;

3. Plaintiff's motion to extend time to respond to motion to dismiss (filing 20) is denied as moot;

4. Defendant shall file a responsive pleading or other appropriate motion in response to Plaintiff's amended complaint on or before June 28, 2007.

June 13, 2007.

BY THE COURT:
s/ *Richard G. Kopf*
United States District Judge