THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RICHARD OTTO HANSEN, | ) | 4:06CV3211 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| JOHN DOE, individually and in his | ) | |
| official capacity as an Officer of the | ) | |
| Nebraska State Patrol, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Richard Otto Hansen is currently an inmate confined in the Medical Center for Federal Prisoners in Springfield, Missouri. Hansen has filed an amended complaint (filing 21) under 42 U.S.C. § 1983 against John Doe, an unnamed Nebraska State Patrol officer, for alleged violations of Hansen's due process rights. Hansen seeks both compensatory and punitive damages, as well as a declaratory judgment and injunction permanently enjoining the State of Nebraska from applying the Nebraska Sex Offender Registration Act to him. Neb. Rev. Stat. Ann. §§ 29-4001 to 29-4014 (LexisNexis 2003 & Cum. Supp. 2007).

## Hansen's Complaint

Hansen claims that on July 25, 2005, defendant Doe violated his due process rights by issuing Hansen a citation at the Nebraska State Penitentiary for failing to register as a sex offender under the Nebraska Sex Offender Registration Act. The Sex Offender Registration Act applies to any person who, on or after January 1, 1997, "[p]leads guilty to or is found guilty of . . . [p]andering *of a minor* pursuant to section 28-802 . . . ." Neb. Rev. Stat. Ann. § 29-4003(1)(a)(viii) (LexisNexis 2003 & Cum. Supp. 2007) (emphasis added). Hansen alleges that he pled nolo contendere (as opposed to guilty) to pandering (as opposed to pandering of a minor) in violation of

Neb. Rev. Stat. Ann. § 28-802(1)(d), a Class IV felony, but pandering is a "non-registerable offense." (Filing 21, Amended Complaint at 6.)[1]

A person convicted of a crime requiring registration under the Nebraska Sex Offender Registration Act and committed to the Nebraska Department of Correctional Services must "attend appropriate sex offender treatment and counseling programming offered by the department," but refusal to participate "shall not result in disciplinary action or a loss of good time credit . . . but shall require a civil commitment evaluation . . . prior to completion of his or her criminal sentence." Neb. Rev. Stat. Ann. § 29-4014 (LexisNexis Cum. Supp. 2007).

Hansen asserts that issuance of the citation, lack of written notice that his conduct was prohibited, lack of ascertainable standards to guide his conduct, and the unconstitutional vagueness of a "criminal statutory provision"[2] applied to him constituted a deprivation of his rights (1) "to not be cited/arrested for a prohibited act" and (2) "to not be classified as a sex offender" without procedural and substantive due process. The basis of Hansen's claim appears to be that he has been

---

[1]The offense of "pandering" is defined in Neb. Rev. Stat. Ann. § 28-802(1)(d), which makes it a Class IV felony to "[r]eceive[] or give[] or agree[] to receive or give any money or other thing of value for procuring or attempting to procure any person to become a prostitute or commit an act of prostitution or come into this state or leave this state for the purpose of prostitution or debauchery." As is evident from this language, "age is not an element of the offense of pandering. Thus, no such criminal offense of 'pandering of a minor' exists in Nebraska law because there is nothing in the statute which requires that pandering be perpetrated against a minor . . . ." *State v. Ways*, No. A-02-176, 2003 WL 346329, at *2 (Neb. Ct. App. Feb. 18, 2003) (noting statutory inconsistency and existence of rules and regulations defining "minor" as used in statute, but declining to consider issue because it was not raised in lower court).

[2]Hansen does not identify a specific statute that he claims is unconstitutionally vague.

2

punished for not registering as a sex offender under state law when he has not been convicted of an offense subject to the Nebraska Sex Offender Registration Act, and application of the Act to him violates both his procedural and substantive due process rights.  (Filing 21, Amended Complaint at 5-8.)

## Pending Motions

Pending before the court are numerous motions:  Filing 29, Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6); Filing 36, Plaintiff's motion to compel; Filing 39, Plaintiff's motion to withdraw motion to compel; Filing 40, Plaintiff's motion for leave to discover or disclose; Filing 41, Plaintiff's motion for enlargement of time to file an amended complaint; and Filing 43, Plaintiff's motion for copies.  Plaintiff has also included in his amended complaint a request for appointment of counsel.  (Filing 21, Amended Complaint at 9.)

### 1.  Motion to Dismiss

Defendant Doe, in his official capacity as an officer of the Nebraska State Patrol, first moves to dismiss Hansen's claim for money damages.  Doe was served summons in his official capacity only, through service on the Nebraska Attorney General's Office.  Hansen cannot recover money damages against a state official because the State of Nebraska is entitled to the protections of sovereign immunity under the Eleventh Amendment. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).  The State has not waived this immunity. *Larson v. Kempker*, 414 F.3d 936, 939 n.3 (8th Cir. 2005) (§ 1983 does not contain clear legislative statement abrogating states' immunity under Eleventh Amendment).  Therefore, the State's motion to dismiss Hansen's claim for money damages against John Doe in his official capacity as an officer of the Nebraska State Patrol shall be granted.

However, Hansen's claim for prospective injunctive relief against Doe in his

3

official capacity may not be dismissed on this basis because the *Ex Parte Young*[3] exception to Eleventh Amendment immunity allows claims for injunctive relief against state officials when the claim is prospective and not compensatory and when the plaintiff alleges that officials are acting in violation of the Constitution or federal law. *Heartland Academy Community Church v. Waddle*, 427 F.3d 525, 530 (8th Cir. 2005); *Missouri Child Care Ass'n v. Cross*, 294 F.3d 1034, 1037 (8th Cir. 2002).

Doe next moves to dismiss Hansen's due process claims for prospective injunctive relief pursuant to Fed. R. Civ. P. 12(b)(6) because Hansen "has not shown that he had a protected liberty or property interest at stake." (Filing 30, Br. Supp. Mot. Dismiss at 3.) I agree.

A motion under Fed. R. Civ. P. 12(b)(6) challenges the sufficiency of the factual allegations in the complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (internal citations omitted).[4]  "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations and footnotes omitted).  "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id.*

---

[3]*Ex Parte Young*, 209 U.S. 123 (1908).

[4]The familiar Rule 12(b)(6) standard of review set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) ("the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), was abrogated in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1968-69 (2007).

(quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

In order to succeed on a 42 U.S.C. § 1983 claim, Hansen must show, among other things, that there was a violation of a right secured by the Constitution or federal law—here, a right to procedural and substantive due process.  Several courts have characterized the stigmatizing consequences of being labeled a "sex offender" as a deprivation of liberty requiring procedural protections.  *See Gwinn v. Awmiller*, 354 F.3d 1211 (10th Cir. 2004) (classification of prisoner as sexual offender during incarceration implicated prisoner's liberty interests requiring procedural protections when prisoner had not been convicted of sexual offense, classification was based upon information contained in presentence report, and classification as sex offender reduced rate at which prisoner could earn good-time credits); *Chambers v. Colorado Dept. of Corrections*, 205 F.3d 1237, 1242 (10th Cir. 2000) (inmate was entitled to procedural due process before being classified as sexual offender by state department of corrections when inmate was not convicted of sex offense, classification was based on victim's statement contained in police report, and classification reduced amount of earned time credit; because "sex offender" label was "based on bare allegations which are vigorously denied and which have never been tested . . . procedural scrutiny" was required); *Kirby v. Siegelman*, 195 F.3d 1285, 1292 (11th Cir. 1999) (inmate who had not been convicted of sex offense, but had sex-related charges listed in his presentence report,  had liberty interest in not being labeled as sex offender and was entitled to due process before being classified as such when, as result of sex-offender status, inmate was required to attend group therapy sessions as prerequisite for parole eligibility and was ineligible for minimum custody classification which allowed participation in work-release and community-custody programs; "the stigmatizing effect of being classified as a sex offender constitutes a deprivation of liberty under the Due Process Clause"); *Neal v. Shimoda*, 131 F.3d 818 (9th Cir. 1997) (labeling inmates as sex offenders and subjecting them to mandatory treatment that was pre-condition to parole implicated liberty interest requiring procedural protections; inmate who had never been convicted of sex offense and never had

5

opportunity to contest classification as sex offender in adversarial setting did not receive minimum due process protections to which he was entitled); *Robinson v. Satz*, No. 06-13003, 2007 WL 4462931 (11th Cir. Dec. 21, 2007) (valid due process claim stated by inmate who challenged his classification as sex offender and had never been charged with, or convicted of, a sex offense and was placed on Florida's public sex-offender website).[5]

However, in each of these cases, a liberty interest worthy of due process protection was found not simply because the inmate had been classified as a sex offender, but because the classification caused serious, concrete consequences affecting the inmate's time in, or nature of, confinement—i.e., reduction of good-time credits, mandatory participation in therapy that was a prerequisite for parole eligibility, removal of eligibility for work-release and community custody programs, and placement on a public sex-offender website.

Here, Hansen alleges only that he received a "citation" for failing to register as a sex offender under the Nebraska Sex Offender Registration Act. Hansen does not allege, for example, that he has been or will be forced to attend sex-offender therapy as a condition for parole, that his good-time credits have been or will be reduced, that he is no longer eligible for work-release or community custody, or that he is or will be included on a public sex-offender website. Hansen's amended

---

[5]*See, e.g.*, *Connecticut Dept. of Public Safety v. Doe*, 538 U.S. 1 (2003) (procedural due process challenge under 42 U.S.C. § 1983 to law that required persons convicted of sexual offenses to register with state department of public safety upon release into community; assuming that public notification provisions of law deprived sex offenders of liberty interest, due process clause did not require hearing on issues not relevant or material under the statutory scheme; application of sex-offender registry law depended only upon fact of conviction, which offender already had the procedural opportunity to contest; Court refused to consider substantive due process challenge to statute under Fourteenth Amendment, as party expressly stated that claim was limited to procedural due process).

complaint simply does not allege a liberty interest worthy of procedural protections. Accordingly, I shall grant the defendant's motion to dismiss Hansen's procedural due process claim.[6]

Hansen's substantive due process claim is that the defendant "intentionally, . . . arbitrarily and capriciously" applied the Nebraska Sex Offender Registration Act to him when he was not convicted of a "registerable" offense.  (Filing 21, Amended Complaint at 7.)  As opposed to arguing that the Sex Offender Registration Act itself violates the U.S. Constitution, Hansen appears to be claiming that the defendant's attempt to apply the Act to Hansen violates his substantive due process rights. "Substantive due process may be violated if state action either shocks the conscience or offends judicial notions of fairness or human dignity.  *Weimer v. Amen*, 870 F.2d 1400, 1405 (8th Cir. 1989).   To meet his burden[,] a § 1983 plaintiff must demonstrate that the government action complained of is 'truly irrational,' that is 'something more than . . . arbitrary, capricious, or in violation of state law.'  *Id*."

_____

[6]I am aware that Hansen will be subject to an evaluation while he is in prison unless he participates in treatment and counseling.  Neb. Rev. Stat. Ann. § 29-4014. That evaluation could form the predicate for a civil commitment proceeding brought by the Nebraska Attorney General or the county attorney where Hansen is incarcerated.  *See* Neb. Rev. Stat. Ann. § 83-174.02(2) (LexisNexis 2007).  Since there is no reason to think that a mere evaluation while Hansen is in prison would impinge upon a protected liberty interest if it were conducted, the abstract requirement for such an evaluation is not enough to state a claim.  Furthermore, even if a civil commitment proceeding were initiated following such an evaluation, Hansen's complaint gives me no reason to think that his rights would not be fully protected by the panoply of protections set forth in relevant Nebraska law.  *See* Sex Offender Commitment Act, Neb. Rev. Stat. Ann. §§ 71-1201, *et seq*. (LexisNexis Cum. Supp. 2007).  In short, without more, the issuance of a sex offender citation to a convicted prisoner is not enough to open the door to the federal courthouse even though that citation *might* lead to something actionable in the future.

7

*Klein v. McGowan*, 198 F.3d 705, 710 (8th Cir. 1999).

Hansen's amended complaint only alleges that the defendant "arbitrarily and capriciously" applied the Sex Offender Registration Act to him, and that application of the Act to him is contrary to state law (*i.e.* § 29-4003(1)(a)(viii) requires registration of one who has pled or has been found guilty of pandering *of a minor*, but Hansen was convicted only of pandering).  As *Twombly* states, while the plaintiff need not make detailed factual allegations, he must do more than provide formulaic labels and conclusions, as the plaintiff has done here.  Hansen has alleged absolutely no facts from which one could conclude that receiving a citation for failing to register under the Sex Offender Registration Act "shocks the conscience or offends judicial notions of fairness or human dignity." *Klein*, 198 F.3d at 710.  As explained above in the context of Hansen's procedural due process claim, such facts might include serious consequences Plaintiff has endured in prison by virtue of being classified as a sex offender under the Act.  Thus, I shall grant the defendant's Fed. R. Civ. P. 12(b)(6) motion to dismiss the plaintiff's substantive due process claim.

## 2.  Discovery & Other Motions

Because I shall grant the defendant's Fed. R. Civ. P. 12(b)(6) motion to dismiss Plaintiff's complaint in its entirety, the remaining pending motions may be denied as moot:  Filing 36, Plaintiff's motion to compel; Filing 39, Plaintiff's motion to withdraw motion to compel; Filing 40, Plaintiff's motion for leave to discover or disclose; Filing 41, Plaintiff's motion for enlargement of time to file an amended complaint; and Filing 43, Plaintiff's motion for copies.  I shall also deny as moot Plaintiff's request for appointment of counsel contained in his amended complaint.

Accordingly,

IT IS ORDERED:

1.    Defendant John Doe's motion to dismiss (filing 29) Hansen's amended complaint is granted pursuant to Fed. R. Civ. P. 12(b)(6).

2.    Filing 36, Plaintiff's motion to compel; Filing 39, Plaintiff's motion to withdraw motion to compel; Filing 40, Plaintiff's motion for leave to discover or disclose; Filing 41, Plaintiff's motion for enlargement of time to file an amended complaint; and Filing 43, Plaintiff's motion for copies are denied as moot.

3.    Plaintiff's request for appointment of counsel contained in his amended complaint (filing 21) is denied as moot.

4.    By separate document, a judgment dismissing this case shall be entered.

January 16, 2008.                    BY THE COURT:

                                     s/ *Richard G. Kopf*
                                     United States District Judge